UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT E. ATWOOD, <br> TDCJ #00646180, <br><br> Plaintiff, <br> VS. <br><br> PHILLIPS, *et al*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-17-3134 |

## MEMORANDUM AND ORDER

Plaintiff Robert E. Atwood (TDCJ #00646180) is an inmate currently in the custody of the Texas Department of Criminal Justice ("TDCJ"). Plaintiff has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that correctional officers at the Wynne Unit deprived him of his property after he was disciplined and placed in administrative segregation and later transferred to another unit. After reviewing the pleadings as required under 28 U.S.C. § 1915A, the Court concludes that this case must be dismissed for failure to state a claim for the reasons that follow.

**I.     BACKGROUND**

Plaintiff alleges that he was involved in an altercation with Defendant Correctional Officer McGowen ("McGowen") in June 2016, when he was on his way to the infirmary. *See* Docket Entry No. 1 at 6; Docket Entry No. 1-1 at 3. Plaintiff alleges that McGowen snatched his identification card from his hand and that he grabbed her arm and took it back, which resulted in a disciplinary action and his assignment to administrative segregation. *See* Docket Entry No. 1-1 at 3-4. Plaintiff alleges that Defendant Poreda and L. Keith, correctional officers at the Wynne Unit, packed up his property in the aftermath of his disciplinary conviction and relocation at the

1 / 5

prison. *See* Docket Entry No. 1 at 3. Plaintiff claims that he has not seen his property since June 26, 2016, even though he has tried to get it back. *Id.* at 6. Plaintiff allegedly wrote to Defendant Correctional Officer Phillips repeatedly requesting that she send him his property, but she never responded to his requests. *Id.* at 4. For relief, Plaintiff seeks $325,000 in damages for the loss of his property. *Id.* at 5.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for

failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

## III. DISCUSSION

Plaintiff brings claims against the Defendants for allegedly depriving him of property and failing to respond to his requests for its return after he was transferred to a different unit. Plaintiff alleges that Defendants Poreda and Keith packed up his property in connection with Plaintiff's move from his cell as the result of his disciplinary conviction for the altercation with Officer McGowen. He also contends that Defendant Phillips, the Property Manager at the Wynne Unit, never responded to his repeated requests for his property to be sent to his new unit. He seeks $325,000.00 in damages.

Plaintiff's claim for compensatory damages is subject to dismissal pursuant to 42 U.S.C. § 1997e(e) because he does not allege any physical injury in connection with his claim. *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that § 1997e(e) bars compensatory damages for allegations of "mental anguish, emotional distress, psychological harm," and the like). For this independent reason, Plaintiff's claim for monetary damages fails under the PLRA.

Additionally, Plaintiff's claims regarding the wrongful and unauthorized deprivation of his personal property are barred by the *Parratt/Hudson* doctrine. *See Hudson v. Palmer,* 468

U.S. 517, 534 (1984); *Parratt v. Taylor,* 451 U.S. 527, 541 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986); *see also Sossaman v. Williams*, 270 F. App'x 323, 325 (5th Cir. 2008) (confiscation and destruction of "dangerous contraband" by guard was random and unauthorized and therefore prisoner's due process claim was barred). According to this doctrine, a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson,* 468 U.S. at 533-34; *see also Stotter v. Univ. of Tex. at San Antonio,* 508 F.3d 812, 821-22 (5th Cir. 2007) (explaining the *Parratt/Hudson* doctrine).

Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen,* 97 F.3d 91, 95 (5th Cir.1996); *Aguilar v. Chastain,* 923 S.W.2d 740, 743-44 (Tex. Crim. App.1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Plaintiff's complaint regarding the unauthorized loss or deprivation of his property has no basis in federal law because Texas provides an adequate post-deprivation remedy. *See Murphy v. Collins,* 26 F.3d 541, 543-44 (5th Cir. 1994).

Accordingly, Plaintiff does not articulate an actionable claim for which relief can be granted under 42 U.S.C. § 1983 regarding the unauthorized deprivation of his personal property. *See id.; see also Leggett v. Williams,* 277 F. App'x 498, 500, 2008 WL 1984271 (5th Cir. 2008) (holding that the plaintiff's claim that his property was confiscated and destroyed as an act of retaliation for his status as a writ writer was barred by the *Parratt/Hudson* doctrine). Therefore, he fails to state a federal claim under section 1983, and this case must be dismissed.[1]

---

[1] The Court declines to exercise supplemental jurisdiction over any possible state claims where, as here, Plaintiff has failed to present any viable federal claims over which the Court could have original jurisdiction. *See* 28 U.S.C. §1367(c)(3).

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's federal claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice as for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. 1915A(b).

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket Entry No. 2) is **GRANTED**, and Plaintiff is assessed an initial filing fee of $4.00. Thereafter, Plaintiff shall pay the full filing fee of $350.00, in periodic installments, as required by 28 U.S.C. § 1915(b). The agency having custody of Plaintiff shall collect 20% of the monthly income from the Plaintiff's account and forward that amount, if any, to the Court in monthly installments until the entire $350.00 filing fee is satisfied.

3. **This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.**

**The Clerk of Court will also send a copy of this Order to the parties, and a copy by facsimile transmission, regular mail, or e-mail to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.**

SIGNED at Houston, Texas, this 25th day of October, 2017.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE